UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 11-20493

Honorable John Corbett O'Meara

v.

DONNELL DEMON JACKSON,

        Defendant.

                                                    /

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO WITHDRAW PLEA**

This matter came before the court on defendant Donnell Demon Jackson's September 30, 2013 Motion to Withdraw Plea. The government filed a response October 8, 2013; no reply was filed. Oral argument was heard November 7, 2013. For the reasons set forth below, the court will deny the motion.

**BACKGROUND FACTS**

On February 5, 2013, a federal grand jury returned a five-count, fourth superseding indictment charging defendant Jackson in Count I with possession with intent to deliver heroin and cocaine in violation of 21 U.S.C. § 841(a)(1), and in Count II with conspiring to possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On September 12, 2013, Jackson pleaded guilty to the conspiracy charge pursuant to a Rule 11 plea agreement. The court accepted his guilty plea and took the plea agreement under advisement. Defendant Jackson is currently awaiting sentencing.

On September 30, 2013, Jackson filed this motion to withdraw his plea based on what he claims is newly-discovered evidence reflecting a variance between the grand jury testimony of an

individual whose information formed part of the basis for a search warrant affidavit and statements attributable to her in the affidavit.  Defendant Jackson also seeks to withdraw his plea based on variances between statements made by the case agent in the affidavit in support of a search warrant and statements made by the agent before the grand jury.

## LAW AND ANALYSIS

Pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if the defendant can show a fair and just reason for requesting the withdrawal."  The burden is on the defendant to demonstrate that proper grounds exist for the granting of such a motion.  United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir. 1987).

The court may weigh seven factors in determining whether the defendant has shown a "fair and just reason" to set aside a guilty plea: 1) the amount of time that elapsed between the plea and the motion to withdraw it; 2) the presence or absence of a valid reason for failing to move for withdrawal earlier in the proceedings; 3) whether the defendant has asserted or maintained his innocence; 4) the circumstances underlying the entry of the guilty plea; 5) the defendant's nature and background; 6) the degree to which the defendant has had prior experience with the criminal justice system; and 7) potential prejudice to the government if the motion is granted.  United States v. Bashara, 27 F.3d 1174, 1180-81 (6th Cir. 1994).

In this case the length of time between the entry of Jackson's guilty plea and the filing of the motion to withdraw it is 18 days, a relatively short period of time compared to other cases. Therefore, the first two factors mitigate in Defendant's favor.

As for the third factor, there is a total absence of an assertion of innocence in this case. Jackson instead relies on what he describes as "newly discovered evidence" reflecting inconsistent statements made by witnesses that are contained in an affidavit in support of a search warrant and their testimony before the grand jury. How these inconsistencies affect the entry of an otherwise valid, guilty plea is not identified or addressed in Jackson's motion. Presumably they relate to the court's order denying suppression of evidence seized pursuant to the search warrant. However, Jackson did not have standing to join in the motion to suppress. This factor mitigates against Jackson.

The fourth factor from Bashara, regarding the circumstances underlying the entry of the guilty plea, also mitigates against Jackson. He was detained subsequent to this July 2011 arrest, and in May 2013 additional discovery materials were provided to him that included Jencks material and more grand jury transcripts. Jackson had ample time to review the evidence and evaluate his decision to plead guilty.

Jackson's background weighs substantially against permitting withdrawal of his guilty plea. He is a high school graduate who attended Detroit College of Business and majored in accounting. Entering his guilty plea, Jackson informed that court that he understood the nature of the proceedings and that he did not require extra time to review the plea agreement.

His prior experience with the criminal justice system also reflects that Jackson is familiar with the guilty plea process and its significance. He pleaded guilty to a drug offense in February 2005 and was sentenced to a custodial term of 60 months with the Bureau of Prisons. In this case the government agreed to withdraw its information seeking a mandatory 240-month sentence due to this

prior conviction, as well as agreed to a below-guidelines sentence of 216 months' incarceration in accordance with subsection C of Rule 11.

With regard to the seventh and final Bashara factor, the government would be prejudiced, albeit minimally, if Jackson were permitted to withdraw his guilty plea. The inclusion of Jackson in the trial would require the government to present a more expansive case in terms of witnesses and exhibits. After analyzing all of the factors set forth in Bashara, the court finds that defendant Jackson has failed to establish a fair and just reason for allowing withdrawal of his guilty plea.

## ORDER

It is hereby **ORDERED** that defendant Donnell Demon Jackson's September 30, 2013 Motion to Withdraw Plea is **DENIED.**


                                                s/John Corbett O'Meara
                                                United States District Judge

Date: November 19, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, November 19, 2013, using the ECF system.

                                                s/William Barkholz
                                                Case Manager