UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

UNITED STATES OF AMERICA,

       Plaintiff,                              Case No. 5:11-cr-20493-JCO-DRG

v.                                                  Hon. John Corbett O'Meara

DONNELL JACKSON,

       Defendant.
_____/

**OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Before the court is Defendant's February 4, 2015 motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, on the basis of ineffective assistance of counsel. Defendant also alleged that the government deprived him of his right to be tried in state court. This motion was decided without oral argument. For the reasons discussed below, Defendant's motion will be denied.

**BACKGROUND FACTS**

On February 5, 2013, a federal grand jury returned a five-count, Fourth Superseding Indictment charging Defendant in Count I with possession with intent to deliver heroin and cocaine in violation of 21 U.S.C. § 841(a)(1), and in Count II with conspiring to possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On September 12, 2013, Defendant pleaded guilty to the conspiracy charge pursuant to a Rule 11 plea agreement. The court accepted his guilty plea and took the plea agreement under advisement. On September 30, 2013, Defendant filed a motion to set aside his guilty plea; and

the court denied that motion on November 19, 2013.  Defendant was later sentenced to 216 months' custody with a subsequent five-year term of supervised release.  Defendant now seeks to vacate, set aside, or correct his sentence.

## **LAW AND ANALYSIS**

To prevail on a motion to vacate pursuant to 28 U.S.C. § 2255, a defendant must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994).  The petitioner bears the burden of proof.  Self v. United States, 434 F. Supp. 548 (E.D. Tenn. 1977).

Defendant contends that he suffered from ineffective assistance of counsel because the attorney who represented him (1) failed to provide him with grand jury transcripts prior to the hearing that would have affected his decision to plead guilty, and (2) failed to adequately inform him of his rights prior to and during the plea hearing.

The Supreme Court in Strickland has set forth a two-pronged test for evaluating claims of ineffective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The first prong requires the defendant to show that counsel's performance was deficient by showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment.  Id.  The second prong requires the defendant to show that the deficient performance prejudices the defense.  Id.  "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Id.  "Courts must recognize the strong presumption that counsel had rendered adequate assistance and that all significant decisions were made in the exercise of reasonable professional judgment."  Id. at 689.  The evaluation of the objective reasonableness of counsel's performance

must be made "from counsel's perspective at the time of the alleged error and in light of all of the circumstances…." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).

In reference to Defendant's first contention regarding the grand jury transcripts, Defendant made no showing that counsel made an error. He alleged that his counsel never provided the grand jury transcripts that showed alleged prejudicial testimonial discrepancies, and that as a result, he made an uninformed decision to plead guilty. Defendant failed to show anywhere in the record that he requested this information from his counsel, or that there is a custom in the legal community for defense attorneys to provide all trial documents to their clients without a request. Further, there is no showing Defendant was aware of the testimonial discrepancy he complains of before he pleaded guilty.

When counsel's performance is evaluated from an objectively reasonable standard, counsel's performance was not deficient to the extent that it offended the Sixth Amendment. Even if counsel's performance were considered deficient, it did not prejudice the defense, thus not fulfilling the requirement of the second prong. Defendant made no showing that he was deprived of a fair trial because of the delay in receipt of the trial transcripts. Therefore, Defendant's claim of ineffective assistance of counsel derived from allegations of a failure to provide trial transcripts before his plea hearing fails both prongs of the Strickland test.

In reference to Defendant's second contention, the record provides no support for Defendant's claim that his counsel failed to correctly advise him of the elements of the offense he was charged with, both prior to and during the plea hearing. While this is a serious allegation, it remains not only unsubstantiated, but also in conflict with Defendant's statements during the plea hearing. Defendant voluntarily advised the court that he had read the indictment and discussed it with his attorney. During the plea hearing, the court explained the rights Defendant

was giving up by pleading guilty, the elements of the offense, the government's burden of proof, the statutory maximum sentence, and the loss of some of his civil rights. Knowing these facts, Defendant still pleaded guilty. "A solemn declaration of guilt carries a presumption of truthfulness; the subsequent presentation of unsupported or wholly incredible allegations to the contrary is subject to summary dismissal." See Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Even if counsel failed to correctly advise Defendant of the elements of the offense, Defendant was advised by the court. Because he was advised by the court, he cannot show that counsel's allegedly deficient performance deprived him of a fair trial. Due to the negotiations between Defendant's counsel and the government, Defendant received a shorter sentence than originally petitioned for by the government. Accordingly, Defendant's claim of ineffective assistance of counsel derived from allegations of not being correctly advised of the elements of the offense fails both prongs of the Strickland test.

Defendant claims the government inappropriately exercised federal jurisdiction by bringing this action in federal court instead of state court. "So long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charges to file or bring before a grand jury, generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Because Defendant made no showing of prosecutorial abuse of discretion or lack of probable cause, the court finds that the government did not inappropriately exercise federal jurisdiction in the instant action.

Defendant attempted to utilize the doctrine of "Reverse Vertical Preemption" to substantiate his claim that this action is better suited in state jurisdiction. This doctrine is usually applied in the context of RICO claims. However, the United States Supreme Court has

established abstention doctrines requiring that a federal court with proper jurisdiction over the subject matter of a dispute refrain from bringing the action in order to promote an overriding policy or if the dispute is "the subject of extensive state administrative regulation and a federal decision would risk serious disruption of a state administrative scheme." See <u>Younger v. Harris</u>, 401 U.S. 37, 45 (1971); <u>Buford v. SunOil Co.</u>, 319 U.S. 315, 327 (1943).  Defendant makes no showing of an overriding Michigan policy or extensive state administrative regulation that would require this action to be handled by the state court system.  Therefore, the doctrine of Reverse Vertical Preemption does not apply to Defendant's set of facts, and the use of federal jurisdiction was not improper.

## ORDER

**IT IS HEREBY ORDERED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

Date: July 16, 2015                                         s/John Corbett O'Meara
                                                            United States District Judge


I hereby certify that on July 16, 2015 a copy of this opinion and order was served upon the parties of record using the ECF system and/or first-class U.S. mail.

                                                            s/William Barkholz
                                                            Case Manager