UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

UNITED STATES OF AMERICA,

      Plaintiff,                                      Case No. 5:11-cr-20493-JCO-DRG

v.                                                       Hon. John Corbett O'Meara

DONNELL JACKSON.

      Defendant,
_____/

**OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

Before the court is Defendant's May 5, 2015 motion to dismiss the indictment on the basis of prosecutorial misconduct. This motion was decided without oral argument. For the reasons discussed below, Defendant's motion will be denied.

**BACKGROUND FACTS**

On February 5, 2013, a federal grand jury returned a five-count, Fourth Superseding Indictment charging Defendant in Count I with possession with intent to deliver heroin and cocaine in violation of 21 U.S.C. § 841(a)(1), and in Count II with conspiring to possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On September 12, 2013, Defendant pleaded guilty to the conspiracy charge pursuant to a Rule 11 plea agreement. The court accepted his guilty plea and took the plea agreement under advisement. On September 30, 2013, Defendant filed a motion to set aside his guilty plea; and the court denied that motion on November 19, 2013. Defendant was later sentenced to 216

months' custody with a subsequent five-year term of supervised release.  Defendant now seeks to dismiss the indictment.

## LAW AND ANALYSIS

Defendant contends that the government was aware that its witness falsely testified before the grand jury.  The government argues that this court lacks jurisdiction to hear this motion because Defendant filed a notice of appeal in reference to the order denying his motion to withdraw his plea.  It is understood that a federal district court and a federal court of appeals should not assert jurisdiction over a case simultaneously. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982).  "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Id.  Here, Defendant timely withdrew his notice of appeal. Therefore, this court is not asserting jurisdiction over a federal court of appeals matter; and the retention of jurisdiction over the present motion is appropriate.

Defendant has presented the issue of testimonial inconsistencies before this court on multiple occasions. (R. 184: Motion to Withdraw Guilty Plea, pp. 6-7); (R. 232: Motion for Reconsideration of Order Denying Motion to Withdraw Guilty Plea, pp. 1-2); (R. 258: Notice of Appeal). At each point this court has denied his requested relief.

In this circuit, the law is clear that a court may not order dismissal of an indictment under its supervisory power unless the defendant demonstrates that "prosecutorial misconduct is a long-standing or common problem in grand jury proceedings in the district." United States v. Griffith, 756 F.2d 1244, 1249 (6th Cir. 1985), citing United States v. Nembhard, 676 F.2d 193, 200 (6th Cir. 1982).  In the present case, Defendant offered no proof that prosecutors in the Eastern District of Michigan have a history of abusing the grand jury process.  He also failed to

show that the prosecutor in this action has a history of such abuse. There is neither evidence nor an allegation of the required showing of a district-wide history of prosecutorial misconduct.

In addition to demonstrating longstanding prosecutorial misconduct, a defendant who seeks dismissal of an indictment also must show that he was prejudiced by the prosecutor's actions. Nembhard, 676 F.2d at 200. Defendant's attempt to show the government's knowledge of perjured testimony through statements that the witness made at different points in time is insufficient. Knowledge of an inconsistent statement does not equate to knowledge of a false statement. It is possible that the witness' inconsistencies are attributable to differing recollections. The statements are not so materially different as to support the conclusion that the government's witness misrepresented or fabricated testimony and the prosecuting attorney had knowledge of this. Therefore, even if the government was aware of testimonial inconsistencies, Defendant was not prejudiced as a result.

## ORDER

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss the indictment is **DENIED**.

Date: July 16, 2015                                             s/John Corbett O'Meara
                                                                United States District Judge


I hereby certify that on July 16, 2015 a copy of this opinion and order was served upon the parties of record using the ECF system, and/or first-class U.S. mail.

                                                                s/William Barkholz
                                                                Case Manager