UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

DONNELL JACKSON,

       Defendant.
_____/

Case No. 11-20493
Hon. Mark A. Goldsmith

**OPINION & ORDER
DENYING IN PART AND RESERVING RULING IN PART ON DEFENDANT
DONNELL JACKSON'S SUPPLEMENTAL AMENDED MOTION FOR REDUCTION
IN SENTENCE (Dkt. 360)**

      This matter is before the Court on Defendant Donnell Jackson's supplemental amended motion to reduce the term of his imprisonment (Dkt. 360). On February 19, 2014, Jackson was sentenced to 216 months' imprisonment after pleading guilty to one count of conspiring to possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(I), and 846. See Judgment (Dkt. 256). On June 21, 2016, the Court, on its own motion, reduced Jackson's sentence to 210 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Order Reducing Sentence (Dkt. 322).

      Jackson filed a motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2), arguing that the Court improperly calculated his new sentence (Dkt. 348). That motion remains pending. In his supplemental amended motion for a reduction of sentence, Jackson reiterates the arguments made in his original motion and additionally seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the dangers posed by COVID-19. For the reasons that follow, the Court denies Jackson's supplemental amended motion to the extent that he seeks compassionate release

and reserves ruling on the motion to the extent that he seeks a reduction of sentence under 18 U.S.C. § 3582(c)(2).

## I. BACKGROUND

Jackson is currently serving his sentence at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey. Fort Dix FCI currently reports twenty-two active inmate cases of COVID-19 and one active staff member case.[1] The Bureau of Prisons ("BOP") has been given increased authority to place federal prisoners in home confinement based on the threat posed by COVID-19, and it is conducting a case-by-case analysis of its inmates to evaluate the feasibility of home confinement. Resp. at 6-10 (Dkt. 362). Additionally, the BOP has implemented a COVID-19 action plan to minimize the risk of COVID-19 transmission into and within its facilities, which includes quarantining inmates, taking social distancing measures, and providing personal protective equipment to staff and inmates. Id. at 4-6.

Jackson is forty-seven years old and claims that his health is deteriorating insofar as he suffers from shortness of breath and blood in his urine and stool. Mot. at 2. Based on these conditions, Jackson seeks compassionate release from this Court under the First Step Act.

## II. LEGAL STANDARD

"The First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194, modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582," such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant

---

[1] See https://www.bop.gov/coronavirus/ (last visited May 20, 2020).

such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In the commentary to U.S.S.G. § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id. The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with" the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D).

### III.   ANALYSIS

Jackson argues that his deteriorating health renders him vulnerable to the COVID-19 pandemic, and, therefore, he seeks release to home confinement. Mot. at 2. The Government argues that Jackson has not exhausted his administrative remedies, Resp. at 12-17, and that even if he had, compassionate release is not warranted because he is relatively young and is not suffering from a severe medical condition as described by the Sentencing Commission, id. at 18-20. The Government has the better part of the argument with respect to compassionate release.

With respect to exhaustion, as other courts have recognized, there are exceptions to the exhaustion requirement, which may apply in situations such as a pandemic. See, e.g., United States v. Saad, No. 16-20197, 2020 WL 2251808, at *2-4 (E.D. Mich. May 5, 2020) (waiving the exhaustion requirement in light of the COVID-19 pandemic). However, even assuming that

Jackson can meet one of the exhaustion exceptions, he does not qualify for compassionate release under the First Step Act.

Jackson is forty-seven years old and represents that he suffers from shortness of breath and blood in his urine and stool. The Government argues that Jackson had no history of asthma before filing the present motion, and last reported blood in his stool in January 2020. However, the Government did not attach Jackson's medical records, or any exhibits, to its response brief, leaving the Court without a suitable record to review. For the purposes of this motion, the Court accepts Jackson's account of his own medical conditions.

According to the Center for Disease Control's ("CDC") website, individuals with moderate-to-severe asthma are at a higher risk for complications from COVID-19.[2] The increased risk is because COVID-19 can affect a person's respiratory tract, cause an asthma attack, and possibly lead to pneumonia and serious illness. Because it is unclear what type of underlying medical condition is causing Jackson to experience blood in his urine and stool, the Court is unable to determine whether such symptoms also place him at increased risk of developing complications from COVID-19.

Assuming that Jackson has an elevated risk of developing the more severe symptoms of COVID-19 as a result of his respiratory condition, that generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of "extraordinary and compelling reasons" justifying compassionate release identified by the Sentencing Commission. Jackson has not contracted the virus, and his medical conditions, in light of his age and access to medical services at FCI Fort Dix, do not fall in the category of illnesses with an end of life

---

[2]   See   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html#severe-obesity (last visited on May 20, 2020).

4

trajectory, or other reasons, under the guidelines. A reduction in sentence on these grounds would not be consistent with the policy statements issued by the Sentencing Commission.³ Therefore, Jackson is not entitled to compassionate release.

## IV. CONCLUSION

For the reasons stated above, the Court denies in part and reserves ruling in part on Jackson's supplemental amended motion for reduction in sentence (Dkt. 360). The motion is denied to the extent that it seeks compassionate release, and the Court reserves ruling on the motion to the extent that it seeks a reduction of sentence under 18 U.S.C. § 3582(c)(2).

SO ORDERED.

Dated: May 28, 2020  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2020.

s/Karri Sandusky
Case Manager

---

³ Even in the context of pretrial release—which is not confined by the stringencies of the "extraordinary and compelling reasons" standard applicable here—courts have not granted relief from custody without a strong showing that a prisoner has a significant risk of suffering harm from COVID-19. See, e.g., United States v. Wise, No. 18-20799, 2020 WL 1873364, at *3 (E.D. Mich. Apr. 15, 2020); United States v. Brown, No. 13-20337, 2020 WL 2092651, at *5-7 (E.D. Mich. May 1, 2020).

5