UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                  Case No. 11-cr-20493

vs.

                                  HON. MARK A. GOLDSMITH

DONNELL DEMON JACKSON,

      Defendant.

_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE (Dkt. 348)
## AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 351)

This matter is before the Court on Defendant Donnell Demon Jackson's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (Dkt. 348) and his motion for summary judgment (Dkt. 351). For the reasons that follow, the Court denies both motions.

## I. BACKGROUND

On September 12, 2013, Jackson pleaded guilty to conspiracy to possess with intent to distribute and to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(I), and 846. Judgment (Dkt. 256).[1] Pursuant to a "Type C" plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Jackson and the Government stipulated that Jackson was responsible for at least three but less than ten kilograms of heroin, which resulted in a base offense level of 34. Plea Agreement at 2-3, Worksheet A (Dkt. 171).[2] Factoring in certain

---

[1] This case was originally assigned to the Honorable John Corbett O'Meara and was reassigned to the undersigned on September 25, 2019.

[2] A "Type C" plea agreement is one in which the parties agree "that a specific sentence or sentencing range is the appropriate disposition of the case," and where "such a recommendation or request binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C).

enhancements and adjustments, the parties agreed that Jackson's total offense level was 37 and that, with a criminal history category of III, his sentencing guidelines range was 262 to 327 months' imprisonment.  Id. at 3, Worksheet A, Worksheet D.  However, the parties agreed that an appropriate sentence would fall between 210 and 216 months, and more specifically agreed to a period of incarceration of 216 months.  Id. at 5.  Judge O'Meara accepted the plea agreement and sentenced Jackson on February 18, 2014, to a term of 216 months' imprisonment.  Judgment.

In 2014, the Sentencing Commission passed Amendment 782, which made a retroactive revision to the drug quantity table at U.S.S.G. § 2D1.1(c).  Based on the quantity of heroin for which Jackson was found responsible, his base offense level was reduced by two levels to 32, resulting in a total offense level of 35.  With this two-level reduction, Jackson's new guidelines range was 210 to 262 months.  Given the impact of Amendment 782 on Jackson's guidelines range, Judge O'Meara, on his own motion, reduced Jackson's sentence from 216 months to 210 months, pursuant to 18 U.S.C. § 3582(c)(2).  Order Reducing Sentence (Dkt. 322).  In his motion, Jackson seeks further reduction of his sentence under § 3582(c)(2).[3]

## II.  ANALYSIS

A court may not modify a term of imprisonment once it has been imposed, except in limited circumstances.  18 U.S.C. § 3582(c).  One of the exceptions authorizes courts to reduce a term of imprisonment where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if a

---

[3] Jackson also filed a motion for summary judgment, arguing that the Government failed to file a timely response to his motion for reduction of sentence.  Mot. for Summ. J. at 1 (Dkt. 351).  The Court, however, granted the Government an extension of time to file a response, as the notices generated by Jackson's filings were directed to the original attorney of record who no longer represents the Government.  12/5/19 Order (Dkt. 352).  Because the Government thereafter filed a timely response (Dkt. 355), the Court considers Jackson's motion for reduction of sentence on the merits and denies his motion for summary judgment.

reduction is supported by the sentencing factors and is consistent with the Sentencing Commission's policy statements. Id. § 3582(c)(2).

Although Judge O'Meara previously reduced Jackson's sentence under § 3582(c)(2), Jackson seeks further reduction on the ground that his revised guidelines range was improperly calculated. Jackson specifically argues that the two-level reduction of his base offense level results in an amended guidelines range of 168 to 210 months. Mot. at 1-2 (Dkt. 348). In support of this position, Jackson cites the Supreme Court's decision in Hughes v. United States, 138 S. Ct. 1765 (2018), for the proposition that the proper "starting point" for determining his new sentence was the range of 210 to 216 months stipulated in the plea agreement. Id. at 1-3.

Hughes, however, has no bearing on the calculation of a defendant's amended guidelines range following the Sentencing Commission's adoption of Amendment 782. Rather, the Supreme Court confronted the issue of whether a defendant sentenced pursuant to a Type C plea agreement was eligible under § 3582(c)(2) for a sentence reduction where the guidelines range was retroactively lowered under Amendment 782. Hughes, 138 S. Ct. at 1772. The Supreme Court ruled in the affirmative, reasoning that such circumstances fell within § 3582(c)(2)'s authorization to reduce sentences that are "'based on a sentencing range that has subsequently been lowered.'" Id. at 1775-1776 (quoting 18 U.S.C. § 3582(c)(2)). Because the guidelines "prohibit district courts from accepting Type-C agreements without first evaluating . . . the defendant's [g]uidelines range," a defendant sentenced to a stipulated term of imprisonment under a Type C plea agreement is nevertheless sentenced "based on" a sentencing range under the guidelines. Id. (citing U.S.S.G. § 6B1.2(c)).

Contrary to Jackson's argument, nothing in Hughes mandates that a district court rely on a stipulated sentence as the "starting point" for calculating an amended guidelines range. In fact,

Hughes emphasized the distinction between stipulated sentences and guidelines ranges, noting that "the [g]uidelines are the starting point for every sentencing calculation in the federal system," irrespective of of the parties' stipulation to a specific sentence. Id. at 1775-1776 (internal quotation marks and citation omitted). To illustrate, the district court calculated Hughes's original guidelines range as 188 to 235 months but accepted the stipulated sentence of 180 months, as provided in the plea agreement. Id. at 1774. Referring to the revised guidelines as opposed to the stipulated sentence in the plea agreement, the Supreme Court found that Hughes's new guidelines range was 151 to 188 months. Id.

There is no dispute that Jackson was entitled to consideration for a sentence reduction under § 3582(c)(2), or that Judge O'Meara granted Jackson a sentence reduction as a result of Amendment 782. Accordingly, the Court need only confirm that Jackson's amended sentence is premised on an accurate calculation of his guidelines range. Based on Jackson's admission of responsibility for at least three but less than ten kilograms of heroin, the parties agreed that his base offense level was 34. Plea Agreement at Worksheet A; see also 2013 U.S.S.G. § 2D1.1(c)(3). The parties further stipulated that Jackson was subject to a two-level enhancement for possession of a firearm, a four-level enhancement based on his status as an organizer/leader of the criminal activity, and a three-level reduction for acceptance of responsibility, for a total offense level of 37. Plea Agreement at Worksheet D. With the two-level reduction under Amendment 782, Jackson's base offense level is now 32, while his total offense level is now 35. See U.S.S.G. § 2D1.1(c)(4). And with a criminal history category of III, Jackson's amended guidelines range is 210 to 262 months.

Jackson insists that he was originally sentenced based on an offense level of 35, which has now been reduced to an offense level of 33 under Amendment 782, for a guidelines range of 168

to 210 months.  Reply at 3 (Dkt. 359).  This assertion is clearly contradicted by the plea agreement, which indicates that Jackson's original total offense level was 37.  It is true that Jackson's original stipulated sentence of 216 months is encapsulated within the guidelines range of 210 to 262 months applicable to an offense level of 35 and a criminal history category of III.  But as discussed above, Jackson's stipulated sentence is not the "starting point" driving the Court's calculation of his amended guidelines range.

Jackson's amended guidelines range is 210 to 262 months' imprisonment.  Because Judge O'Meara committed no error in calculating Jackson's guideline range, Jackson is not entitled to a further reduction of his sentence.

### III.  CONCLUSION

For the reasons discussed above, the Court denies Jackson's motion for reduction of sentence (Dkt. 348) and denies his motion for summary judgment (Dkt. 351).

SO ORDERED.

Dated: April 6, 2021                          s/Mark A. Goldsmith
     Detroit, Michigan                    MARK A. GOLDSMITH
                                               United States District Judge

### <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 6, 2021.

                                                  s/Karri Sandusky
                                                  KARRI SANDUSKY
                                                  Case Manager